UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:20-CR-382-SDJ |
| | § | |
| BOULDEN, ET AL. | § | |

## ORDER

### I.

This case is currently set for Pretrial Conference and Trial Scheduling on September 6, 2022, at 9:00 a.m. The Court previously issued an order identifying issues with proceeding with a potential "megatrial" in this case, which is "composed of many defendants charged with various, specific crimes, included in one or more counts of the Fourth Superseding Indictment." (Dkt. #1879 at 1). The Court requested briefing from the Government on matters relating to these issues, which the Government provided. The Court then continued the case and ordered the Government to file a status report notifying the Court of the number of Defendants still scheduled for trial and the Government's position on severance under Federal Rule of Criminal Procedure 14. The Government filed the status report on July 29, 2022, (Dkt. #2214), and Defendant Mohamed Tahiri filed a response, (Dkt. #2235).

In its status report, the Government indicated that thirty-two defendants have pleaded guilty or sent plea papers to the Court, sixty-two defendants have either received plea agreements or have not yet been indicted, and five defendants might still proceed to trial. The Government continues to oppose severance. In his response,

Tahiri requests to be severed from any defendants charged in Counts 1, 2, and 3 for purposes of trial.

Separately, the Court has received continuance motions from thirty-three individual Defendants. These Defendants generally have requested unspecified continuances or continuances of 30 to 120 days. Some Defendants have moved to continue only the deadline to submit a notification of plea agreement. The Government also filed a sealed continuance motion with respect to two Defendants. The deadline to object to the timely filed continuance motions[1] has passed, and the Court has received no objections.[2]

## II.

In its status report, the Government states that the number of Defendants who will stand trial has decreased since the Court issued its previous continuance order. The Government anticipates that if the Court grants a continuance, "not more than 5 defendants would possibly be requesting a trial." (Dkt. #2214 at 8). The activity in this case since the Court's previous order tends to support the Government's position. Two Defendants have been sentenced. The indictments against six Defendants have been dismissed. Fourteen Defendants' pleas have been accepted, and they are awaiting sentencing. Thirty-four Defendants have pleaded guilty and either recently

---

[1] The Court received two untimely continuance motions. *See* (Dkt. #2315, #2420). Both are unopposed by the Government. Because the relief sought in both motions is subsumed by the relief sought in the timely filed motions, the Court will grant these motions.

[2] The Court finds that all Defendants' continuance requests were made knowingly, intelligently, and voluntarily. The Government has not filed objections to any of the continuance requests.

had or are awaiting change-of-plea hearings. Forty-nine Defendants remain set for trial. The remaining seven Defendants have not yet been indicted.

### III.

For the reasons described in the Court's April 6 order, (Dkt. #1879), this case remains so unusual and complex that an ends-of-justice continuance is warranted. The complex nature of the discovery process and prosecution and the large number of defendants continue to support this finding. Therefore, having considered the factors listed in 18 U.S.C. § 3161(h)(7)(B), the Court finds that tolling the speedy trial clock in this case outweighs the best interests of the public and Defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court also finds that a continuance is required to assure the necessary time for counsel to prepare effectively for trial, taking into account the exercise of due diligence.

Additionally, at this time and pending further consideration, the Court finds that, in the interest of justice, all co-defendants shall be tried together. *See* 18 U.S.C. § 3161(h)(6) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted"). However, the Court will take the severance motions, (Dkt. #1925, #1941, #1942, #1946, #1947, #1948), under advisement, as well as the responses submitted to the Government's briefing and status report, (Dkt. #1967, #1968, #1971, #1972, #1983, #2235). Pending further evaluation of these submissions and the Government's briefs, as well as the evolving circumstances of the case, the Court may ultimately sever the defendants in this case into smaller

groups for separate trials or provide other relief under Federal Rule of Criminal Procedure 14.

For the foregoing reasons, the Court grants in part the various continuance motions. The motions are granted to the extent that the Pretrial Conference and Trial Scheduling will be continued for approximately 120 days, and all other pretrial deadlines will be adjusted accordingly. The Court additionally finds that the ends of justice require that the continuance be excluded from speedy trial time.

It is therefore **ORDERED** that Defendants' and the Government's motions to continue are hereby **GRANTED in part**.[3] This case is **reset** for **Pretrial Conference and Trial Scheduling** on **January 9, 2023, at 9:00 a.m.** The related pretrial deadlines will be extended accordingly in an amended pretrial order.

It is further **ORDERED** that the Government must file a status report by no later than **December 9, 2022**. Such report shall notify the Court of the number of Defendants still scheduled for trial and whether the Government's position on severance under Rule 14 as described in its prior briefs, (Dkt. #1965, #2214), has changed, and, if so, how. The Government's status report shall be limited to not more than ten pages.

It is further **ORDERED** that any Defendant who wishes to file a response to the Government's status report must do so by no later than **December 16, 2022**.

---

[3] Specifically, the Court grants in part the following motions. (Dkt. #2234, #2236, #2253, #2255, #2257, #2258, #2267, #2270, #2271, #2272, #2273, #2274, #2279, #2280, #2281, #2282, #2284, #2285, #2287, #2288, #2294, #2295, #2296, #2300, #2304, #2305, #2307, #2308, #2309, #2310, #2311, #2312, #2315, #2420).

Defendants may file responses jointly, and they may join in other Defendants'
responses. Any response brief shall be limited to not more than ten pages.

Finally, two Defendants moved to seal their continuance motions. Defendant
Awais Ahmed moved to seal her motion to continue. (Dkt. #2266). The Court finds
that good cause exists to seal Ahmed's motion to continue. Therefore, the Court
**GRANTS** the motion and **ORDERS** that Ahmed's motion to continue, (Dkt. #2267),
shall be filed under seal.

Defendant Jacqueline Sue Hardee also moved to seal her motion to continue.
(Dkt. #2298). But Hardee's motion does not contain sufficient information for the
Court to determine whether sealing is warranted. Therefore, the Court **DENIES**
**without prejudice** Hardee's motion to seal. (Dkt. #2298). The Court **ORDERS** that
Hardee's motion to continue, (Dkt. #2300), shall remain under seal for fourteen days.
Before the expiration of this fourteen-day period, Hardee must file a supplemental
motion to seal providing detailed reasons justifying the sealing of her continuance
motion.

**So ORDERED and SIGNED this 24th day of August, 2022.**

_____

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE