UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:20-CR-382-SDJ |
| | § | |
| BOULDEN, ET AL. | § | |

**ORDER**

**I.**

This case is currently set for Pretrial Conference and Trial Scheduling on January 9, 2023, at 9:00 a.m. In its April 6 continuance order, the Court identified concerns regarding a potential "megatrial" in this case, which is "composed of many defendants charged with various, specific crimes, included in one or more counts of the Fourth Superseding Indictment." (Dkt. #1879 at 1). At that time, the case included 112 Defendants.

Since the Court's April 6 order, the case has evolved. In its December 9 status report, the Government confirms that fifty-four Defendants have now pleaded guilty or sent plea papers to the Court, thirty-eight Defendants have received revised plea papers and have indicated that they will plead guilty, and four Defendants may proceed to trial. (Dkt. #2751). The Government continues to oppose severance.

The Government requests that the Court continue the Pretrial Conference and Trial Scheduling, currently set for January 9, 2023, and set a trial date during the months of May or June in 2023. Separately, the Court has received continuance motions from eight individual Defendants. Three Defendants have requested unspecified continuances, two Defendants have requested a 30-day continuance, one

1

Defendant has requested a 90-day continuance, and two Defendants have requested a 120-day continuance. Another three Defendants have moved to continue only the deadline to submit a notification of plea agreement. The Court has received no objections to the continuance motions, and as noted in the certificates of conference, the Government does not oppose the continuance requests. Defendants Arsalan Bhangda and Jaqueline Hardee also filed motions to seal their continuance motions.

## II.

In its December 2022 status report, the Government states that the number of Defendants who may stand trial has decreased—from five to four—since the Court issued its previous continuance order. (Dkt. #2751 at 2). The activity in this case tends to support the Government's position. Four Defendants have been sentenced. The indictments against six Defendants have been dismissed. Fifty-four Defendants' pleas have been accepted, and they are awaiting sentencing. Seven Defendants are awaiting change-of-plea hearings. Thirty-two Defendants remain set for trial.

## III.

For the reasons described in the Court's April 2022 and August 2022 orders, (Dkt. #1879, #2425), this case remains so unusual and complex that an ends-of-justice continuance is warranted. The complex nature of the discovery process and prosecution and the large number of defendants continue to support this finding. Therefore, having considered the factors listed in 18 U.S.C. § 3161(h)(7)(B), the Court finds that tolling the speedy trial clock in this case outweighs the best interests of the public and Defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court also

finds that a continuance is required to assure the necessary time for counsel to prepare effectively for trial, taking into account the exercise of due diligence.

Additionally, at this time and pending further consideration, the Court finds that, in the interest of justice, all co-Defendants shall be tried together. *See* 18 U.S.C. § 3161(h)(6) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted"). However, the Court will continue to take the severance motions, (Dkt. #1925, #1941, #1942, #1946, #1947, #1948), under advisement, as well as the responses submitted to the Government's briefing and prior status reports, (Dkt. #1967, #1968, #1971, #1972, #1983, #2235). Pending further evaluation of these submissions and the Government's briefs, as well as the evolving circumstances of the case, the Court may ultimately sever the Defendants in this case into smaller groups for separate trials or provide other relief under Federal Rule of Criminal Procedure 14.

For the foregoing reasons, the Court grants in part the various continuance motions. The motions are granted to the extent that the Pretrial Conference and Trial Scheduling will be continued for approximately 120 days, and all other pretrial deadlines will be adjusted accordingly. The Court additionally finds that the ends of justice require that the continuance be excluded from speedy trial time.

It is therefore **ORDERED** that Defendants' motions to continue are hereby **GRANTED in part**.[1] This case is **reset** for **Pretrial Conference** on **May 30, 2023,**

---

[1] Specifically, the Court grants in part the following motions. (Dkt. #2784, #2788, #2797, #2798, #2799, #2800, #2801, #2802, #2804, #2805, #2818).

**at 9:00 a.m. Jury Selection** and **Trial** will commence after the Pretrial Conference and continue thereafter. The related pretrial deadlines will be adjusted accordingly in an amended pretrial order.

It is further **ORDERED** that the Government must file a status report by no later than **April 14, 2023**. Such report shall notify the Court of the status of the case and the number of Defendants still scheduled for trial. The Government's status report shall be limited to not more than ten pages.

It is further **ORDERED** that any Defendant who wishes to file a response to the Government's status report must do so by no later than **April 21, 2023**. Defendants may file responses jointly, and they may join in other Defendants' responses. Any response brief shall be limited to not more than ten pages.

Finally, two Defendants moved to seal their continuance motions. Defendant Arsalan Bhangda moved to seal his motion to continue. (Dkt. #2787). The Court finds that good cause exists to seal Arsalan Bhangda's motion to continue. Therefore, the Court **GRANTS** the motion and **ORDERS** that Arsalan Bhangda's motion to continue, (Dkt. #2788), shall be filed under seal.

Defendant Jacqueline Hardee also moved to seal her motion to continue. (Dkt. #2817). But Hardee's motion does not contain sufficient information for the Court to determine whether sealing is warranted. Further, it lacks a certificate of conference as required by Local Rule CV-6(i). Therefore, the Court **DENIES without prejudice** Hardee's motion to seal. (Dkt. #2817). The Court **ORDERS** that Hardee's motion to continue, (Dkt. #2818), shall remain under seal for fourteen days. Before

4

the expiration of this fourteen-day period, Hardee must file a supplemental motion to seal providing detailed reasons justifying the sealing of her continuance motion and containing the required certificate of conference.

**So ORDERED and SIGNED this 29th day of December, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE